# CSM Legal, P.C.
Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

April 8, 2022

**BY ECF**
Hon. John Cho
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                Re:    Rosendo v. Nevada Diner Inc. et al, 20-cv-4897

Your Honor:

This office represents Plaintiff in the above-referenced matter. Plaintiff writes jointly with Defendant Nevada Diner, Inc. d/b/a Georgia Diner ("Diner") to submit their views on why the agreed upon settlement in this matter is fair and reasonable.

The parties have agreed to a Settlement Agreement ("Agreement") after extensive, arms-length settlement discussions. A copy of the proposed Agreement is attached hereto as "Exhibit A." We respectfully request the Court to approve the settlement, pursuant to <u>Cheeks v. Freeport Pancake House</u>, Inc., 796 F.3d 199 (2d Cir. 2015).

1. **Background**

On or about October 12, 2020, Plaintiff commenced this action in the United States District Court for the Eastern District of New York. In his Complaint, Plaintiff alleged claims for, *inter alia*, unpaid minimum wages, unpaid overtime compensation, and the failure to provide wage notices and accurate wage statements.

Plaintiff reports working for Defendants' Queens diner from approximately October 1, 2014 until on or about October 9, 2020. He worked as a dishwasher. He alleges that, at times, Defendants would improperly deduct hours from his pay and fail to compensate him for this time worked, and further that they failed to provide him with the NYLL-required wage notices and statements.

First, Defendant notes that individual Defendant Dimitrios Kaloidis passed away before this case was filed on September 16, 2019. *See* ECF Doc. 16. Second, there is no one by the name "Judy Julius" who worked at the Diner during Plaintiff's employment. Third, Defendant denies that the Plaintiff's recollections of his hours worked are accurate. Defendant produced documents evidencing that Plaintiff was paid properly at all times during his employment, including electronic time-card records from a system that automatically calculated regular, overtime, and spread-of-

hours pay. As such, Defendant asserts Plaintiff was properly paid for all hours worked and was provided with the required wage notices and statements. For these reasons, despite feeling that Plaintiff's case is meritless, the Diner is settling Plaintiff's wage and hour claims on behalf of all Releasees for business purposes. .

## 2. Settlement Terms

Plaintiff alleges they were entitled to back wages of approximately $24,277.50. The parties have agreed to settle this action for the total sum of $8,000.00.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Due to the many risks associated with litigating this matter, including defenses asserted by Defendants and serious factual disputes, Plaintiff is satisfied that the Agreement represents a fair compromise. Plaintiff also believes that the present value of the Settlement Amount outweighs the value of potentially being awarded an undetermined amount months or years from now, after trial.

### Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with their retainer agreement with Plaintiff, Plaintiff' counsel will receive $2,640.00 from the settlement fund as attorneys' fees and costs. This represents approximately one third of the recovery in this litigation (inclusive of costs).

Plaintiff's counsel's lodestar in this case is $16,896.00. A copy of Plaintiff's billing record is attached as "Exhibit B." The amount provided to Plaintiff' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third

contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiff's counsel's significant experience in representing plaintiffs in wage and hour matters, Plaintiff's counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and on-going negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

    i.    Michael Faillace, Esq. ("MF"), was the Managing Member of Michael Faillace & Associates, P.C., which is now CSM Legal, and was in practice from 1983 to November 5, 2021[1]. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). He taught employment antidiscrimination law as an Adjunct Professor at Fordham University School of Law beginning in 1992 and at Seton Hall University Law School from 1995 to 1998, and he is a nationally-renowned speaker and writer on employment law. He is also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. His work was billed at the rate of $450 per hour, his standard billing rate for matters paid on an hourly basis. Courts have routinely held that hourly fees of $450, or even $500, for counsel with Mr. Faillace's level of experience (37 years) and expertise are reasonable. *See*, e.g., *Manley v. Midan Rest. Inc.*, No. 1:14-cv-1369 (S.D.N.Y. March 27, 2017), Doc. No. 42 at *32, 35-37 (fees of $500 per hour for FLSA litigator with 34 years of experience).

    ii.    Clela A. Errington is an associate at CSM Legal, P.C., formerly Michael Faillace & Associates. She is a 2012 graduate of New York University School of Law. She began her career at a series of small law firms focusing on labor and employment law, followed by several years providing litigation support to large law firms. She returned to litigation in 2019, joining the Jones Law Firm, P.C., and joining Michael Faillace & Associates in 2020 and CSM Legal, P.C. in 2021. Her work is billed at the rate of $350 per hour and indicated by the initials "CE."

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. Plaintiff thanks the Court for its time and consideration of this matter.

    Respectfully submitted,

    /s_____
    CSM Legal, P.C.

---

[1] No funds will be distributed to Mr. Faillace unless an application is made to the Court on his behalf, and order is entered to that effect.

*Attorneys for Plaintiff*

cc:     All counsel via ECF
        *Attorneys for Defendants*

Attachments